UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABDEL ELKIMYA, A21-033-045,

    Petitioner,

    -v-                                                                 08-CV-678
                                                                         **ORDER**

DEPARTMENT OF HOMELAND SECURITY,

    Respondent.

---

## I. Introduction

*Pro se* petitioner Abdel Elkimya ("petitioner") filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 challenging his continued detention in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("DHS"). Petitioner sought an order directing respondent to release him from administrative custody pending his removal from the United States (Dkt. #1).[1]

On October 5, 2010, respondent filed a motion to dismiss the petition on mootness grounds, stating that petitioner was released from administrative custody on September 20, 2010, and removed from

---

[1] The Real ID Act of 2005, Pub.L. No. 109-13, § 106(b), 119 Stat. 231 (2005), divested the district courts of jurisdiction over challenges to the validity of removal orders, see Sandher v. Gonzales, 481 F.3d 108, 110 (2d Cir. 2007). However, "[d]istrict courts retain jurisdiction over matters independent of removal challenges." Maiwand v. Ashcroft, No. CV-04-3185, 2005 WL 2340466, at *3 (E.D.N.Y. Sept.26, 2005) (citing Singh v. Chertoff, 2005 WL 2043044, at *3 (N.D.Cal. Aug.24, 2005) (holding that termination of petitioner's asylum status falls outside the scope of the jurisdictional bar of the REAL ID Act); Harrison v. Hogan, 2005 WL 2020711 (M.D.Pa. July 18, 2005) (retaining jurisdiction over petitioner's habeas challenge of detention); Kanteh v. Ridge, 2005 WL 1719217, at *1 (D.Minn. June 30, 2005) (transferring the part of petitioner's case that sought review of removal order to the court of appeals, but retaining jurisdiction over petitioner's challenge of his continued detention)).

the United States (Dkt. #10).

For the reasons that follow, respondent's motion to dismiss is granted.

**II. Factual Background and Procedural History**

Petitioner, a native and citizen of Morocco, entered the United States on October 31, 1975 as a B-2 nonimmigrant. On November 22, 1976, his status was adjusted to lawful permanent resident. See Declaration of George F. Scott ("Scott Decl.") dated 11/6/2008 at ¶ 5. Following a four-year trip to Morocco, petitioner returned to the United States and applied for admission as a lawful permanent resident in New York, New York. Scott Decl. ¶ 6.

Because petitioner was absent from the United States for approximately four years, his immigration status in the U.S. was deemed abandoned. He was consequently placed in removal proceedings[2] by a Notice to Appear dated July 27, 1997, charging him as a an alien not in possession of proper immigration documentation. See 8 U.S.C. § 1182(a)(7)(A)(i)(I); Scott Decl. ¶ 7. On February 15, 2000, petitioner was ordered removed from the United States by an Immigration Judge. Scott Decl. ¶ 8. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), which dismissed the appeal and affirmed the removal order. Scott Decl. ¶ 9.

On October 30, 2002, a Form I-166 (commonly called a "bag and

---

[2] The terms "removal" and "deportation" are used interchangeably throughout this decision.

baggage letter") was issued, ordering petitioner to report for removal to Morocco in December, 2002. Petitioner failed to report as ordered, and was subsequently arrested on August 6, 2003 and placed in DHS custody pursuant to a Warrant of Removal/Deportation. Scott Decl. ¶ 10. A travel document was obtained from the Consulate General of Morocco on August 18, 2003, to effectuate petitioner's return to his native country. He was scheduled for removal from the United States on September 11, 2003. Scott Decl. ¶¶ 11-12.

While petitioner was awaiting removal from the U.S., he filed a petition for writ of habeas corpus in the U.S. District Court for the Western District of New York, thereby preventing execution of the immigration order of removal and requiring cancellation of the existing travel arrangements. See Elkiyma v. DHS, No. 03-CV-6434-JWF (W.D.N.Y.). Petitioner remained in custody until March 10, 2004, when he was released from DHS administrative dentention pursuant to an Order of Supervision. Scott Decl. ¶¶ 13, 15.

On June 10, 2005, this Court transferred petitioner's habeas petition to the U.S. Court of Appeals for the Second Circuit in Accordance with the REAL ID Act of 2006. See Elkiyma v. DHS, No. 05-2983-ag (2d Cir.); Scott Decl. ¶ 16. The Second Circuit dismissed the petition, and petitioner was subsequently returned to DHS custody. Scott Decl. ¶¶ 17-18.

Petitioner then filed a motion seeking to reinstate the petition for review in the Second Circuit, which was granted on

June 29, 2006. While petitioner's motion to reinstate was pending, DHS sent a new presentation packet to the Moroccan Consulate to obtain a travel document for petitioner's removal. Scott Decl. ¶¶ 19-20. The Second Circuit reviewed and ultimately denied petitioner's reinstated petition. Scott Decl. ¶ 21.

Following further, unsuccessful attempts to reopen his administrative removal proceedings before the BIA and for rehearing in the Second Circuit, DHS served petitioner with a formal Warning for Failure to Depart, advising petitioner of the possible penalties for taking any action to prevent his departure pursuant to a final order of removal. See 8 U.S.C. § 1253; Scott Decl. ¶ 22-25.

On June 19, 2008, petitioner filed a petition for review in the Second Circuit of the BIA's denial of his previous motion to reopen the removal proceedings. That petition was accompanied by a motion for a stay for removal. See Elkimya v. DHS, No. 08-3013-ag (2d Cir.). Because petitioner sought a stay of removal with his petition for review, plans for petitioner's removal to Morocco scheduled for August 22, 2008 were again cancelled. On December 30, 2008, the Second Circuit denied petitioner's motion of stay of removal and dismissed his petition for review. See id.

While the petition for review was pending in the Second Circuit, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued

detention in DHS custody.

**III. Discussion**

Section 2241(c)(1) of Title 28 of the United States Code provides that district courts may consider habeas petitions from prisoners "in custody under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). "The 'in custody' requirement is satisfied if the petitioner files the habeas petition before being deported." So v. Reno, 251 F.Supp.2d 1112, 1120 (E.D.N.Y. 2003) (citing Gonzalez v. INS, No. 01 Civ. 6229(HB), 2002 WL 31444952, at *3 (S.D.N.Y. Oct.31, 2002). However, "[a] non-citizen who has been deported must go beyond satisfying the 'in custody' requirement of the federal habeas statute; it must also be demonstrated that the case is not moot as a result of the deportation." So, 251 F.Supp.2d at 1120-21. "'[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)); accord County of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000).

The Supreme Court has explained that when the challenged conduct ceases such that "'there is no reasonable expectation that the wrong will be repeated,'" United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953), then it becomes impossible for the court to grant "'any effectual relief whatever' to [the] prevailing party,"

Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). In that case, any opinion as to the legality of the challenged action would be advisory. County of Erie v. Pap's A.M., 529 U.S. at 287.

Because the only relief petitioner sought from this Court was release from DHS custody, his habeas petition became moot upon his deportation from the United States, which terminated his detention in custody of DHS. See So v. Reno, 251 F.Supp.2d at 1124 ("Mr. So's challenge to the lawfulness of the length of time that he has been held in the physical custody of the INS is moot. Since Mr. So has already been deported, it is impossible to grant his request for supervised release or release on bond or supervision until he can be deported."). Petitioner's habeas petition no longer presents a "live" case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. The petition is therefore dismissed as moot. See Denis v. DHS/ICE of Buffalo, New York, 634 F.Supp.2d 338 (W.D.N.Y. 2009) (holding that petitioner satisfied in custody requirement but petition was rendered moot by petitioner's removal from the U.S.).

**III. Conclusion**

For the reasons stated above, respondent's motion to dismiss is granted and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed. Because petitioner has not made a substantial showing of a denial of a constitutional right, a

certificate of appealability shall not issue. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>see also</u> <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 112 (2d Cir. 2000).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   October 14, 2010
         Rochester, New York